ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X
                         :

UNITED STATES OF AMERICA
                         :

   - v. -                      INFORMATION
                         :

PEDRO RODRIGUEZ,          11 Cr. 330
                         :

        Defendant.

- - - - - - - - - - - - - - - - - - X

### Count One

The United States Attorney charges:

1.  From in or about February 2009, up to and including in or about June 2010, in the Southern District of New York and elsewhere, PEDRO RODRIGUEZ, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

2.  It was a part and an object of the conspiracy that PEDRO RODRIGUEZ, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of

executing such scheme and artifice, to wit, RODRIGUEZ, and others known and unknown, used a telephone service provider's national intranet networks to obtain unique cellular telephone identifiers assigned to cellular telephones of the service provider's customers without authorization of the customers or the service provider, which identifiers were then used to make unauthorized cellular telephone calls, in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The United States Attorney further charges:

3. From in or about February 2009 through in or about June 2010, in the Southern District of New York and elsewhere, PEDRO RODRIGUEZ, the defendant, unlawfully, willfully, knowingly and with intent to defraud, did possess fifteen and more devices which were counterfeit and unauthorized access devices, which conduct did affect interstate and foreign commerce, to wit, RODRIGUEZ possessed without authorization fifteen and more unique cellular telephone identifiers of a cellular telephone service provider's customers.

(Title 18, United States Code, Section 1029(a)(3).)

## COUNT THREE

The United States Attorney further charges:

4. From in or about February 2009 through in or about June 2010, in the Southern District of New York and elsewhere, PEDRO RODRIGUEZ, the defendant, during and in relation to the conduct described in Counts One and Two of this Information, unlawfully,

willfully, and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, RODRIGUEZ did transfer, possess, and use the unique cellular telephone identifiers assigned to the cellular telephones of a cellular telephone service provider's customers without the authorization of the cellular telephone service provider or the customers.

(Title 18, United States Code, Section 1028A.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

5. As a result of committing the offense alleged in Count One of this Information, PEDRO RODRIGUEZ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of the wire fraud offense.

### Substitute Asset Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982.)

## FORFEITURE ALLEGATION AS TO COUNT TWO

7. As a result of committing the offense alleged in Count Two of this Information, PEDRO RODRIGUEZ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981;
    Title 21, United States Code, Section 853(p);
    Title 28, United States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA / m l
United States Attorney